UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ALLEN SHUMATE,

      Plaintiff,

v.

CITY OF ADRIAN, a municipal entity,
and OFFICER JEREMY POWERS,
in his individual and official capacities,

      Defendants.

Case No: 20-10856
Judge David M. Lawson
Magistrate Judge Michael J. Hluchaniuk

| | |
|---|---|
| Geoffrey N. Fieger (P30441) | John J. Gillooly (P41948) |
| David A. Dworetsky (P67026) | Kathleen M. Griffith (P79921) |
| FIEGER, FIEGER, KENNY & HARRINGTON, P.C. | GARAN LUCOW MILLER, P.C. |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 19390 W. Ten Mile Road | 1155 Brewery Park Blvd., Ste. 200 |
| Southfield, MI  48075 | Detroit, MI 48207 |
| 248.355.5555 | 313.446.5501 |
| d.dworetsky@fiegerlaw.com | jgillooly@garanlucow.com |
| | kgriffith@garanlucow.com |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

NOW COME Defendants, CITY OF ADRIAN and OFFICER JEREMY POWERS, by and through their attorneys, GARAN LUCOW MILLER, P.C., and for their Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56(a), state as follows:

1

1.      This case arises out of an incident that occurred on September 27, 2019, wherein Plaintiff Robert Shumate ("Plaintiff") alleges that Defendant Officer Jeremy Powers ("Officer Powers") used excessive force in effectuating Plaintiff's arrest.

2.      Plaintiff brings the following claims against the City of Adrian and Officer Powers: (I) 42 U.S.C. § 1983 claim for excessive force against Officer Powers; (II) a *Monell* claim against the City; and (III) a state-law assault and battery claim against Officer Powers.

3.      However, Officer Powers is entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 excessive force claim because Plaintiff has not produced evidence establishing that Officer Powers intentionally violated his constitutional rights when he attempted to detain Plaintiff on the date of the incident. Moreover, video evidence and Plaintiff's own testimony show that Officer Powers used only the amount of force necessary to effectuate Plaintiff's arrest.

4.      Further, since Plaintiff cannot show that Officer Powers violated his constitutional rights by using an unreasonable amount of force in seizing and detaining him, his *Monell* claim against the City fails as well. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001).

5.     Regardless of the outcome of Plaintiff's § 1983 claim for excessive force against Officer Powers, Plaintiff's *Monell* claim against the City still fails because Plaintiff has not produced any evidence establishing that the alleged use of excessive force against him resulted from a municipal custom or policy.

6.     Lastly, Officer Powers is entitled to summary judgment on Plaintiff's state-law assault and battery claim because video evidence and Officer Powers' deposition testimony show that he did not act maliciously in this matter and Plaintiff has failed to produce evidence showing otherwise.

7.     Pursuant to Local Rule 7.1(a), defense counsel attempted to gain concurrence in the relief sought herein; however, was unable to.

WHEREFORE Defendants, CITY OF ADRIAN and OFFICER JEREMY POWERS, respectfully request that this Court enter an Order Granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims in their entirety.

<div style="margin-left:40%">

Respectfully submitted,

/s/ Kathleen M. Griffith
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorney for Defendants
1155 Brewery Park Blvd., Ste. 200
Detroit, MI 48207
313.446.5501
kgriffith@garanlucow.com

</div>

Dated: January 15, 2020

## **TABLE OF CONTENTS**

CONCISE STATEMENT OF ISSUES PRESENTED......................................ii

CONTROLLING OR MOST APPROPRIATE AUTHORITY.........................iii

INDEX OF AUTHORITIES...............................................................iv

LIST OF EXHIBITS.......................................................................vi

INTRODUCTION..........................................................................1

STATEMENT OF FACTS................................................................2

STANDARD OF REVIEW................................................................9

LAW AND ARGUMENT.................................................................11

     I.    Plaintiff's 42 U.S.C. § 1983 Excessive Force Claim.................12

          A.    Officer Powers is entitled to qualified immunity................12

          B.    The amount of force used to effectuate Plaintiff's arrest was reasonable as a matter of law....................................15

     II.    Plaintiff's *Monell* Claim..............................................19

     III.    Plaintiff's State-Law Assault and Battery Claim.........................20

CONCLUSION...........................................................................21

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    Whether Officer Powers is entitled to qualified immunity on Plaintiff's §
      1983 claim for excessive force.

II.   Whether the amount of force Officer Powers used in effectuating
      Plaintiff's arrest was reasonable.

III.  Whether Plaintiff has shown that alleged use of excessive force against
      him resulted from a municipal custom or policy.

IV.   Whether Officer Powers is entitled to qualified immunity on Plaintiff's
      state-law assault and battery claim.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

**I.     Whether Officer Powers is entitled to qualified immunity on Plaintiff's § 1983 claim for excessive force.**

*Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Ahlers v. Schebil,* 188 F.3d 365, 372-373 (6th Cir. 1999).

**II.     Whether the amount of force Officer Powers used in effectuating Plaintiff's arrest was reasonable.**

*Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004); *Graham v. Connor*, 490 U.S. 386, 396 (1989).

**III.     Whether Plaintiff has shown that alleged use of excessive force against him resulted from a municipal custom or policy.**

*Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001).

**IV.     Whether Officer Powers is entitled to qualified immunity on Plaintiff's state-law assault and battery claim.**

*Odom v. Wayne Cty.*, 482 Mich. 459, 480, 760 N.W.2d 217, 228 (2008).

## <u>INDEX OF AUTHORITIES</u>

<u>Cases</u>

*Ahlers v. Schebil,* 188 F.3d 365 (6th Cir. 1999)............................................13

*Arendale v. City of Memphis*, 519 F.3d 587 (6th Cir. 2008)...........................9

*Bletz v. Gribble*, 641 F.3d 743 (6th Cir. 2011)..............................................20

*Boyd v. Baeppler*, 215 F.3d 594 (6th Cir. 2000)...........................................17

*Brax v. City of Grand Rapids, Mich.*, 742 F. App'x 952 (6th Cir. 2018)..........17

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)................................................9

*Chappell v. City of Cleveland*, 585 F.3d 901 (6th Cir. 2009)...................12-13

*Combs v. Int'l Ins. Co.*, 354 F.3d 568 (6th Cir. 2004)....................................10

*Davis v. McCourt*, 226 F.3d 506 (6th Cir. 2000)............................................10

*Everson v. Leis*, 556 F.3d 484 (6th Cir. 2009)...............................................10

*Fettes v. Hendershot*, 375 Fed. Appx. 528 (2010)........................................13

*Graham v. Connor*, 490 U.S. 386 (1989).................................................15-16

*Greene v. Barber*, 310 F.3d 889 (6th Cir. 2002)......................................14-15

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982)...............................................12-14

*Hunter v. Bryant*, 502 U.S. 224 (1991)..........................................................13

*Odom v. Wayne Cty.*, 482 Mich. 459 760 N.W.2d 217 (2008)......................20

*Scott v. Harris*, 550 U.S. 372 (2007).............................................................10

*Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)...........................................12

*Shreve v. Franklin Cty., Ohio*, 743 F.3d 126 (6th Cir. 2014)..............1, 11, 19

*Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167 (6th Cir. 2004)......16-17

*Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001)............1, 11, 19

<u>Rules</u>

Fed. R. Civ. P. 56(a).....................................................................9

## <u>LIST OF EXHIBITS</u>

**Exhibit 1** . . . . Police Report

**Exhibit 2** . . . . Officer Powers' Body-Cam Video

**Exhibit 3** . . . . Officer Powers' Deposition Transcripts

**Exhibit 4** . . . . Robert Shumate's Deposition Transcripts

**Exhibit 5** . . . . Plea Transcripts

**Exhibit 6** . . . . Adrian Police Department Policy and Procedure 1.3.4

## <u>INTRODUCTION</u>

The instant matter arises out of an incident that occurred on September 27, 2019 in a CVS parking lot, wherein Plaintiff alleges that Officer Powers used excessive force in effectuating Plaintiff's arrest. Plaintiff brings the following claims against the City of Adrian and Officer Powers: (I) 42 U.S.C. § 1983 claim for excessive force against Officer Powers; (II) a *Monell* claim against the City; and (III) a state-law assault and battery claim against Officer Powers.

However, Officer Powers is entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 excessive force claim because Plaintiff has not produced evidence establishing that Officer Powers intentionally violated his constitutional rights when he attempted to detain Plaintiff on the date of the incident. Moreover, video evidence and Plaintiff's own testimony show that Officer Powers used only the amount of force necessary to effectuate Plaintiff's arrest.

Further, since Plaintiff cannot show that Officer Powers violated his constitutional rights by using an unreasonable amount of force in seizing and detaining him, his *Monell* claim against the City fails as well. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001). Regardless of the outcome of

1

Plaintiff's § 1983 claim for excessive force against Officer Powers, Plaintiff's *Monell* claim against the City still fails because Plaintiff has not produced any evidence establishing that the alleged use of excessive force against him resulted from a municipal custom or policy.

Lastly, Officer Powers is entitled to summary judgment on Plaintiff's state-law assault and battery claim because video evidence and Officer Powers' deposition testimony show that he did not act maliciously in this matter and Plaintiff has failed to produce evidence showing otherwise.

## **STATEMENT OF FACTS**

On September 27, 2019, Officer Powers conducted a traffic stop on a vehicle driven by Amy Shumate. (See **Exhibit 1** – Police Report, p. 3). Amy pulled her vehicle into a CVS parking lot located at 1003 N. Main St., Adrian, Michigan 49221. Officer Powers advised Amy that he pulled her over because her plates did not match the vehicle that she was driving. (See **Exhibit 2** – Officer Powers' Body-Cam Video, 0:28). Officer Powers testified that it is his normal practice to sit on the side of the road and run plates as vehicles pass him. (See **Exhibit 3** – Officer Powers' Deposition Transcripts, p. 35). Amy explained that she had just got her vehicle fixed, that she did not have her job yet, and that she was trying to "get [her] stuff in order to get it all legal." (**Exhibit 2** at 0:40).

Officer Powers informed Amy that he was going to have to impound her vehicle, mainly for no insurance. (**Exhibit 2** at 13:20). Amy snidely replied, "cops are assholes." (*Id.* at 14:05).  Amy continued to give Officer Powers an attitude after he wrote her a citation and advised her that he was impounding her vehicle. Officer Powers told Amy to get away from the vehicle and Amy refused to comply with his orders. Officer Powers told Amy to stop resisting or he was going to arrest her. (*Id.* at 15:00). Amy said that she needed to get medical papers out of her car and Officer Powers told her that she could get them after he performed an inventory search on the car. Amy replied, "you can search the fucking car dumbass." Officer Powers told Amy to stand over on the sidewalk and Amy told him that she was going to stand in front of the car. Officer Powers told Amy to stand over on the sidewalk for a second time and told her that she could go to jail. (*Id.* at 15:17). Officer Powers said that her being pregnant would not dissuade him from taking her to jail. He then told Amy to "grow up" and Amy replied, "Fuck you!" (*Id.* at 15:29). Amy eventually complied and went and stood on the sidewalk.

As Officer Powers was conducting an inventory search on Amy's vehicle, her father, Robert Shumate ("Plaintiff"), squealed into the CVS parking lot in a green pickup truck. (**Exhibit 1** at p. 4); (**Exhibit 2** at 22:00). Officer Powers recognized Plaintiff from previous contacts with him. (**Exhibit**

3

**1** at p. 4). Plaintiff was clearly agitated when he got out of his vehicle and immediately started screaming at Officer Powers. Plaintiff looked at Officer Powers and said, "You're the one that had a problem with me. You got a problem with me now?" (**Exhibit 2** at 22:13). Officer Powers told Plaintiff to leave and Plaintiff responded that he wasn't going anywhere because he was on private property. (*Id.*). Officer Powers told him not to interfere with what he was doing and Plaintiff screamed, "Fuck you, get to work!" (*Id.*). Plaintiff called Officer Powers an asshole and went to talk to Amy. (*Id.*).

Officer Powers called for backup based on Plaintiff's aggressive behavior. (**Exhibit 2** at 22:33). Plaintiff then stated, "Call backup, I don't give a fuck!" (*Id.* at 22:35). Plaintiff started pacing back and forth and continued to call Officer Powers obscenities. (*Id.*). Plaintiff demanded that Officer Powers do what he had to do so that they could get going. (*Id.*). Officer Powers responded, "Don't tell me what to do." (*Id.* at 22:47). Plaintiff began heading towards his truck and it appeared that he was going to get into his vehicle. (*Id.*). Due to Plaintiff's level of anger, and not knowing what Plaintiff's intentions were or what was in his truck, Officer Powers instructed him not to get into his vehicle. (**Exhibit 1** at p. 4); (**Exhibit 3** at pp. 45-46, 49). Plaintiff screamed, "fuck you" and gave Officer Powers the middle finger. (**Exhibit 2** at 22:51). Officer Powers told Plaintiff to turn around and put his hands

behind his back. (*Id.*).[1] Plaintiff admittedly refused to comply with Officer

Powers' demands and started to back away from Officer Powers after Officer

Powers attempted to grab him:

> *Q.* Okay. And did he tell you to put your hands behind your
> back?
>
> *A.* No, he told me to get on the ground.
>
> *Q.* Did you get on the ground?
>
> *A.* No, I didn't.
>
> \*   \*   \*
>
> *Q.* Did he reach out to grab you and you pulled your hands
> away from the officer and backed away from him?
>
> *A.* He tried to grab me and I jerked away, yes, I did. He
> didn't touch me.
>
> \*   \*   \*
>
> *Q.* And you continued to back away from the officer at that
> point, correct?
>
> *A.* Yes.

 (See **Exhibit 4** – Robert Shumate's Deposition Transcripts, p. 52).

   After Plaintiff defeated Officer Powers' attempt to gain physical control,

Officer Powers pulled out his taser and again ordered Plaintiff to put his

---

[1] Officer Powers testified that Plaintiff was under arrest for opposing and obstructing at this point. (**Exhibit 3** at p. 46).

hands behind his back and to get on the ground. (*Id.* at pp. 52-53); (**Exhibit 3** at p. 48). Again, Plaintiff admittedly refused to comply with Officer Powers' demands:

> *Q.* And was the taser still pointed at you at that point?
>
> *A.* Yes.
>
> *Q.* And the officer again ordered you to the ground?
>
> *A.* Yes.
>
> *Q.* And you refused to -- his lawful order, correct? Did you refuse that order?
>
> *A.* Yes.
>
> *Q.* And you continued to back away from the officer?
>
> *A.* Yes.
>
> *Q.* He still had his taser pointed at you?
>
> *A.* Yes.

(**Exhibit 4** at p. 53). Plaintiff continued backing away despite Officer Powers repeatedly telling him to get on the ground. It was at this point that Officer Powers discharged his taser, hitting Plaintiff in the chest area.

> *Q.* And the officer repeated his commands for you to lay down, correct?
>
> *A.* Yes.
>
> *Q.* And you continued to ignore those commands, correct?

*A.* Yes.

*Q.* And at that point as you were backing up the officer discharged his taser at you, correct?

*A.* Correct.

*Q.* And to the best of your knowledge one of probes struck you on the front of your chest and one on your upper leg, correct?

*A.* In my chest area. Nothing on my leg.

(*Id.* at p. 54); (**Exhibit 2**, 22:56).

Plaintiff fell to the ground and Officer Powers ordered Plaintiff to put his hands behind his back. (**Exhibit 2**, 23:09). Plaintiff testified that he refused to let Officer Powers get control of his arms after he fell to the ground. (**Exhibit 4**, p. 55). Officer Powers repeatedly told Plaintiff to stop resisting. (*Id.*). Plaintiff continued to defeat Officer Powers' attempts to physically control him, so Officer Powers delivered palm heel strikes to Plaintiff's "brachial plexus nerve cluster located on the left side of [Plaintiff's] neck." (**Exhibit 1** at p. 5).

Plaintiff still refused to comply with Officer Powers' demands and Officer Powers tased Plaintiff a second time. (**Exhibit 4** at pp. 55-56). Plaintiff continued to resist and refused to give his hands to Officer Powers so that he could handcuff him:

*Q.* Okay. And after you refused to give up your arms then he tased you again, correct?

*A.* Correct.

\* \* \*

*Q.* You continued to resist his efforts to get control of you after he tased you the second time, correct?

*A.* Correct.

(*Id.* at pp. 55-56).

Plaintiff then turned over on his back and continued to defeat Officer Powers' attempts to physically control his arms, so Officer Powers delivered a "drive-stun" to Plaintiff's abdomen. (**Exhibit 1** at p. 5). Plaintiff continued to struggle with Officer Powers, and at some point, Officer Powers was able to send a transmission that he was fighting with one. (*Id.*). Plaintiff continued to resist and Officer Powers was able to use his body weight to pin Plaintiff down to prevent him from standing up. (*Id.* at p. 6). It wasn't until backup arrived that Plaintiff finally stopped resisting:

*Q.* Okay. So while he was there you still had your hands in front of you underneath your body and were not giving him his hands -- your hands, correct?

*A.* Correct, I'm not going to let him smash my face in the ground.

*Q.* And you weren't going to let him handcuff you either, correct?

8

*A.* No, because what was I under arrest for? That's what I want to know.

*Q.* Okay. And then the officers -- it wasn't until the other officers came that they pulled you up so-to-speak and they were able to get your hands from underneath your body and handcuff you, correct?

*A.* When they got there I let them handcuff me.

(**Exhibit 4** at p. 58).

Plaintiff was charged with resisting and obstructing an officer. Plaintiff worked out a plea deal with the Prosecutor's Office and pled guilty to disorderly conduct on October 23, 2019, wherein he admitted under oath that he was disorderly with Officer Powers on the date of the incident. (See **Exhibit 5** – Plea Transcripts, pp. 6-7).

## STANDARD OF REVIEW

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of demonstrating that no genuine issue of material fact exists and they are entitled to judgment as a matter of law. *Id.* at 323. The burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *Arendale v. City of Memphis*, 519 F.3d 587, 593 (6th Cir. 2008) (internal quotations

and citations omitted). The opposing party cannot satisfy this burden by resting solely on allegations made in his pleadings, and "failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (internal quotations and citations omitted).

Additionally, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Combs v. Int'l Ins. Co.*, 354 F.3d 568, 576 (6th Cir. 2004) (internal quotations and citations omitted). Further, it is well-established that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Thus, the test is whether the plaintiff has presented enough evidence on each of the essential elements of its claims to where a jury could find in its favor. *Davis v. McCourt*, 226 F.3d 506, 511 (6th Cir. 2000) (internal citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial" and summary judgment is proper. *Scott*, 550 U.S. at 380.

## <u>LAW AND ARGUMENT</u>

Plaintiff brings the following claims against the City of Adrian and Officer Powers: (I) 42 U.S.C. § 1983 claim for excessive force against Officer Powers; (II) a *Monell* claim against the City; and (III) a state-law assault and battery claim against Officer Powers.

However, Officer Powers is entitled to qualified immunity on Plaintiff's 42 U.S.C. § 1983 excessive force claim because Plaintiff has not produced evidence establishing that Officer Powers intentionally violated his constitutional rights when he attempted to detain Plaintiff on the date of the incident. Moreover, video evidence and Plaintiff's own testimony show that Officer Powers used only the amount of force necessary to effectuate Plaintiff's arrest.

Further, since Plaintiff cannot show that Officer Powers violated his constitutional rights by using an unreasonable amount of force in seizing and detaining him, his *Monell* claim against the City fails as well. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001). Regardless of the outcome of Plaintiff's § 1983 claim for excessive force against Officer Powers, Plaintiff's *Monell* claim against the City still fails because Plaintiff has not produced any

11

evidence establishing that the alleged use of excessive force against him resulted from a municipal custom or policy.

Lastly, Officer Powers is entitled to summary judgment on Plaintiff's state-law assault and battery claim because video evidence and Officer Powers' deposition testimony show that he did not act maliciously in this matter and Plaintiff has failed to produce evidence showing otherwise.

## I. Plaintiff's 42 U.S.C. § 1983 Excessive Force Claim

### A. Officer Powers is entitled to qualified immunity.

To prove a § 1983 claim, Plaintiff must establish that (1) he was deprived of a right secured by the United States Constitution; and (2) the deprivation was caused by a person acting under color of state law. However, Plaintiff's § 1983 claim against Officer Powers is limited by the qualified immunity exception, which "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sheets v. Mullins*, 287 F.3d 581, 586 (6th Cir. 2002), quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Once a defendant raises the affirmative defense of qualified immunity, the plaintiff bears the burden of showing that the defendant is not entitled to

qualified immunity. *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

Under the doctrine of qualified immunity, a defendant is "shielded from liability so long as [he] acted under the objectively reasonable belief that [his] actions were lawful." *Ahlers v. Schebil,* 188 F.3d 365, 372-373 (6th Cir. 1999) (internal citations omitted). Thus, the doctrine requires a two part inquiry as to (1) whether the facts alleged by Plaintiff establish that Officer Powers violated one of Plaintiff's constitutional rights, and (2) if so, whether such right was clearly established, meaning that it would have been clear to a reasonable officer confronting the same situation that his conduct was unlawful. *Fettes v. Hendershot*, 375 Fed. Appx. 528, 531 (2010). This standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224, 229 (1991), quoting *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Thus, a showing of "mere negligence or recklessness is insufficient" for Plaintiff to successfully remove the cloak of qualified immunity from Officer Powers. *Ahlers*, 188 F.3d at 373. Instead, Plaintiff must prove that Officer Powers' conduct "fell below an objective standard of reasonableness," which requires Plaintiff to establish that Officer Powers

13

"acted knowingly or intentionally" to violate Plaintiff's constitutional rights. (*Id.* at 373), quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982).

Plaintiff has not established that Officer Powers intentionally violated his constitutional rights when Officer Powers attempted to detain him on the date of the incident because the amount of force that Officer Powers used was reasonable to effect Plaintiff's arrest. Plaintiff's own testimony proves that Plaintiff continuously refused to comply with Officer Powers' demands and continuously resisted Officer Powers' attempts to detain him. The three tasers and palm heel strikes to Plaintiff's neck did not deter him from continuing to resist and Plaintiff only allowed officers to handcuff him when backup arrived.

Moreover, the Sixth Circuit has found that an officer following established departmental procedures for dealing with non-cooperative arrestees is entitled to qualified immunity on claims for excessive force. See *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (holding that the officer was entitled to qualified immunity on the plaintiff's claim for excessive force because the police department's policies and procedures permitted officers to use pepper spray on a person who is aggressively resisting arrest, either verbally or physically. It was undisputed that the plaintiff was verbally resisting arrest in an aggressive manner, and the plaintiff offered no evidence

14

to counter the officer's testimony that he was also resisting arrest physically.).  The Court in *Greene* reasoned that the officer could not have known that his conduct was unlawful because the officer was following departmental protocol. (*Id.*).

Here, according to the Adrian Police Department's policies and procedures, officers are allowed to use their taser "to take a person into custody in the presence of resistance, to protect themselves from physical assault, [and] to protect a subject from injuring himself . . . or others." (See **Exhibit 6** – Adrian Police Department Policy and Procedure 1.3.4).

As with the case in *Greene*, it is undisputed that Plaintiff was resisting arrest in this matter, as he admitted to it several times during his deposition. Accordingly, Officer Powers could not have known that his actions were unlawful because he was following proper procedure when he tased Plaintiff. Therefore, Officer Powers did not intentionally violate Plaintiff's constitutional rights in his efforts to detain Plaintiff and Officer Powers is entitled to qualified immunity on Plaintiff's § 1983 claim for excessive force.

**B.    The amount of force used to effectuate Plaintiff's arrest was reasonable as a matter of law.**

Courts use a "reasonableness" standard in determining whether the force used by a police officer to effect a seizure was "excessive" in violation of the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 396 (1989).

"Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotations and citations omitted). Thus, the amount of force used is "partially dependent on the demeanor of the suspect" as well. *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174 (6th Cir. 2004) (internal quotations and citations omitted).

The reasonableness of force used by a police officer "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The Court in *Graham* emphasized that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." (*Id.*) (internal quotations and citations omitted). Further, "[t]he calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." (*Id.* at 396-397). The officer's "on-

the-spot judgment about the level of force necessary" must be given deference, and "this measure of deference carries great weight when all parties agree that the events in question happened very quickly . . . ." *Brax v. City of Grand Rapids, Mich.*, 742 F. App'x 952, 956 (6th Cir. 2018) (internal quotations and citations omitted).

Thus, the inquiry for reasonableness is an objective one, based upon the information possessed by the officer involved at the time—"not what the officer[] subjectively may have believed." *Boyd v. Baeppler*, 215 F.3d 594, 600 (6th Cir. 2000). In other words, the officer's "underlying intent or motivation" is immaterial. *Brax*, 742 F. App'x at 956 (internal citation omitted).

The Court in *Solomon v. Auburn Hills Police Dep't*, 389 F.3d 167, 174–75 (6th Cir. 2004) explained the reasonableness standard in conjunction with qualified immunity:

> Qualified immunity will often operate to protect officers from the sometimes hazy border between excessive and acceptable force. An officer should be entitled to qualified immunity if he made an objectively reasonable mistake as to the amount of force that was necessary under the circumstances with which he was faced.

(Emphasis added).

Here, there is no mistake that Officer Powers used the amount of force that was necessary to effectuate Plaintiff's arrest based on video evidence

and Plaintiff's own testimony. In fact, Officer Powers was still not able to effectuate Plaintiff's arrest despite the amount of force used.

Plaintiff was clearly agitated when he arrived at the CVS and continued to act aggressively towards Officer Powers. When Officer Powers saw that Plaintiff was trying to get back into his vehicle, he did not know what Plaintiff's intentions were and did not know whether Plaintiff was attempting to grab a weapon from his vehicle; therefore, Plaintiff posed an immediate threat to the safety of Officer Powers and other individuals in the parking lot.

Most importantly, while Plaintiff claims that Officer Powers "used unnecessary, unreasonable, and excessive physical force to take [him] to the ground, and proceed[ed] to knee him and punch him multiple times, *despite no resistance whatsoever from Plaintiff*,"[2] Plaintiff admitted in his deposition that he refused to comply with Officer Powers' orders because he felt that Officer Powers had no reason to arrest him. (**Exhibit 4**, pp. 53-58). Plaintiff admittedly refused to comply with Officer Powers' commands from the time that Officer Powers told him not to get into his vehicle until the time that backup arrived to assist Officer Powers in the arrest. Plaintiff did not put his hands behind his back as instructed, he did not get to the ground as

---

[2] (ECF No. 1, PageID 6) (emphasis added).

instructed, he continued to back away despite Officer Powers' orders not to do so, and he continued to resist arrest after he was tased three times.

Therefore, because video evidence and Plaintiff's own testimony directly contradict the allegations in Plaintiff's Complaint, and because Officer Powers used only the amount of force necessary to effectuate Plaintiff's arrest, Officer Powers is entitled to summary judgment on Plaintiff's § 1983 claim for excessive force.

## II.   Plaintiff's *Monell* Claim

If Plaintiff cannot show that Officer Powers violated his constitutional rights by using an unreasonable amount of force in seizing and detaining him, then his claim against the City fails as well. *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 138 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682 (6th Cir. 2001).

Regardless of the outcome of Plaintiff's § 1983 claim for excessive force against Officer Powers, Plaintiff's *Monell* claim against the City still fails because Plaintiff has not produced any evidence establishing that the alleged use of excessive force against him resulted from a municipal custom or policy.

## III.   Plaintiff's State-Law Assault and Battery Claim

Officer Powers will be entitled to qualified immunity for the intentional state-law tort of assault and battery if he can establish the following under the *Ross* test:

> (a) The acts were undertaken during the course of employment and the employee was acting, or reasonably believed that he was acting, within the scope of his authority,
>
> (b) the acts were undertaken in good faith, or were not undertaken with malice, and
>
> (c) the acts were discretionary, as opposed to ministerial.

*Odom v. Wayne Cty.*, 482 Mich. 459, 480, 760 N.W.2d 217, 228 (2008). Unlike the reasonableness inquiry for federal excessive force claims, the good-faith element of the *Ross* test is subjective in nature, and Officer Powers bears the burden of establishing that he "acted without malice." *Bletz v. Gribble*, 641 F.3d 743, 757 (6th Cir. 2011). The subjective element is meant to protect "a defendant's honest belief and good-faith conduct with the cloak of immunity while exposing to liability a defendant who acts with malicious intent." *Odom*, 482 Mich. at 482. Malicious intent is defined as "an intent to harm or, if not that, such indifference [as] to whether harm will result as to be equivalent of a willingness that it does." (*Id.* at 475).

Video evidence, Officer Powers' deposition testimony, and Plaintiff's own deposition testimony prove that Officer Powers did not act maliciously in this matter and Plaintiff has failed to produce evidence showing otherwise. Officer Powers testified that he was afraid that Plaintiff was going to try to get back into his vehicle to retrieve something. (**Exhibit 3** at pp. 45-46, 49). He stated that Plaintiff repeatedly refused to put his hands behind his back and get on the ground and that is why he tased him. (*Id.* at pp. 48-49). Officer Powers explained, and Plaintiff admitted, that Plaintiff continued to resist him and refused to put his hands behind his back once they were on the ground, which is why Officer Powers subsequently tased Plaintiff two more times. (*Id.* at p. 56). Therefore, Officer Powers did not act with malice when he used force in his attempts to detain Plaintiff and Officer Powers is entitled to summary judgment on Plaintiff's state-law claim for assault and battery.

## CONCLUSION

Simply put, Plaintiff's own testimony establishes that Officer Powers did not use unreasonable force in his attempts to arrest Plaintiff because Plaintiff continuously refused to comply with Officer Powers' commands and he continuously resisted Officer Powers' attempts to handcuff and detain him. In fact, Officer Powers was not able to handcuff Plaintiff until backup officers arrived due to Plaintiff's continued resistance. Moreover, Plaintiff

pled guilty to a reduced charge of disorderly conduct and admitted that he was disorderly with Officer Powers under oath.

Therefore, no reasonable juror could find that Officer Powers used an unreasonable amount of force in his attempts to detain Plaintiff and Officer Powers is entitled to summary judgment as a matter of law.

WHEREFORE Defendants, CITY OF ADRIAN and OFFICER JEREMY POWERS, respectfully request that this Court enter an Order Granting Defendants' Motion for Summary Judgment and dismissing Plaintiff's claims in their entirety.

Respectfully submitted,

/s/ Kathleen M. Griffith
Kathleen M. Griffith (P79921)
GARAN LUCOW MILLER, P.C.
Attorney for Defendants
1155 Brewery Park Blvd., Ste. 200
Detroit, MI 48207
313.446.5501
kgriffith@garanlucow.com

Dated: January 15, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

## **CERTIFICATE OF SERVICE**

I hereby certify that on <u>January 15, 2021</u>, my assistant, Gail Musialowski, electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

**David A. Dworetsky**
d.dworetsky@fiegerlaw.com; m.habel@fiegerlaw.com

and I hereby certify that on <u>January 15, 2021</u>, my assistant, Gail Musialowski, mailed by United States Postal Service the foregoing document to the following non-ECF participants, with full legal postage prepaid thereon and deposited in the United States mail:

**NA**

/s/Kathleen M. Griffith
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5560
kgriffith@garanlucow.com
P79921